IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CALVIN JOHNSON, #147 679,                    )
                                             )
          Plaintiff,                         )
                                             )
     v.                                      )     CIVIL ACTION NO. 2:15-CV-508-MHT
                                             )                [WO]
WARDEN DAVENPORT, *et al.*,                  )
                                             )
          Defendants.                        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this 42 U.S.C. § 1983 action on July 16, 2015, while incarcerated at the Easterling Correctional Facility in Clio, Alabama. During the pendency of this case, Plaintiff was released from the custody of the Alabama Department of Corrections. Doc. 81.  In his notice of address change, Plaintiff indicated that he was paroled to the State of New York. *Id.*

On November 3, 2017, the court entered an order directing Plaintiff to "advise the court of whether he seeks to proceed with this cause of action, which may entail appearances before this court for various necessary proceedings." Doc. 83. The order further specifically cautioned Plaintiff that "his failure to file a response to this order will result in a recommendation this case be dismissed for such failure." *Id.* Plaintiff has failed to respond to the court's November 3, 2017, order and the time for doing so has expired. The court, therefore, concludes this case is due to be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007).  After such review, the court finds that dismissal is the proper course of action.  In making this determination, the court notes Plaintiff failed to comply with the

court's November 3, 2017, order despite being provided the opportunity to do so and despite being cautioned that his failure to do so would result in a recommendation this action be dismissed. This suggests that any further effort by the court to secure Plaintiff's compliance with court orders would be unavailing and also reflects Plaintiff's apparent lack of interest in the continued prosecution of this case. This case cannot properly proceed in Plaintiff's absence.

In light of the foregoing, which evidences willful delay and/or contempt by Plaintiff, the court concludes his failure to comply with the orders of this court and his apparent abandonment of this case warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply). A district court has "the inherent authority to control the proceedings before [it], which includes the authority to impose reasonable and appropriate sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (internal quotation marks omitted). The authority of courts to impose sanctions for failure to prosecute or to obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the *Federal Rules of Civil Procedure. Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority gives the courts power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that on or before **January 18, 2018**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 4th day of January, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge